**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**London Division**

| | |
|---|---|
| IN RE: : | |
| : | **Chapter 13** |
| KENNETH R. HALL and, : | **Case No. 12-61149** |
| DARLENE HALL, : | **Judge Gregory R. Schaaf** |
| : | |
| Debtors : | |

_____

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO EXTEND AUTOMATIC STAY**

This matter is before the Court on the Motion To Extend Automatic Stay As To All Creditors [Doc. 11].  A hearing was held, after which the Debtors supplemented the record with their Affidavit Of Both Debtors, Kenneth R. And Darlene Hall, In Support Of Debtors' Motion To Extend Automatic Stay (Document No.: 11) [Doc. 14].  The Court denies the relief requested in the Motion for the reasons set forth herein.

This case was filed within one year of the dismissal of the Debtors' prior bankruptcy proceeding, *i.e.*, Case No. 09-61583.[1]  Therefore, the automatic stay terminates on the 30th day after the petition date unless the Debtors show by clear and convincing evidence that the current case was filed "in good faith as to the creditors to be stayed."  11 U.S.C. § 362(c)(3)(A) and (B).  The Debtors are further burdened with a presumption that the current case was not filed in good faith, although the presumption is rebuttable by clear and convincing evidence to the contrary.  *See* 11 U.S.C. § 362(c)(3)(C).

The primary focus of the Court is whether the Debtors can show changed circumstances that convince the Court the current case will not fail like the prior case.  *In re Wilson*, 336 B.R. 338, 346 (Bankr. E.D. Tenn. 2005).  The court in *Wilson* would approve a motion to extend the stay if it was supported by an affidavit served on interested parties with the following information:

· Whether relief was against all or specific creditors.

---

[1] The Motion incorrectly references Case No. 09-61589 as the prior case.

- Prior cases, including the case number and the dates filed and dismissed;
- The reason(s) the presumption under § 362(c)(3)(C) arises;
- The subsequent change in financial or personal affairs that supports the ability to perform now.

*Id.* at 348.  Collier provides additional guidance for review in a chapter 13 case:

> In determining whether a presumption arising under section 362(c)(3)(C) has been rebutted, courts consider the totality of the circumstances.  However, when the prior dismissal is a chapter 13 case, there are generally two primary areas of inquiry: 1) what are the reasons why the debtor's previous plan failed, and 2) what has changed in the debtor's circumstances so that the present plan is likely to be successful.  A debtor who can sufficiently demonstrate changed circumstances or other reasons for success in the present case will likely rebut any bad faith presumption.

3 Collier on Bankruptcy ¶ 362.06[4] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.).

The Debtors' Affidavit describes the reason for the failure of the prior case, but the description does not give any indication the Debtors can perform now.  The Affidavit provides in the final paragraph:

> In support of our Motion to Extend Automatic Stay as to All Creditors, we had a change in financial circumstances that led to us having to file this petition for relief in that, in particular, I, Darlene Hall, became disabled and began drawing Social Security disability benefits prior to filing this petition for relief.  Further, we had incurred additional debts since the prior case was dismissed, which necessitated us having to file our second petition for relief.

This testimony gives no comfort the Debtors will perform in this case.  This assertion is also inaccurate in one respect and questionable in another.  The Debtors assert this is the Debtors' second petition for relief.  In fact, the Debtors have two prior filings.  Neither the Debtors in their Affidavit nor counsel in his Motion described the existence of the 2008 filing nor the reasons the prior cases were dismissed.  The Debtors also did not disclose the 2008 filing in their petition.[2]   The lack of disclosure carries more weight because the Debtors were represented by the same counsel in all three cases filed since August 2008.

It is presumed that Debtors did not want the Court to look too deep into their prior case history, which by itself calls into question the good faith basis of the current case.  The Debtors'

---

[2] The Debtors had at least two other filings, but they fell outside the eight year period in the petition and are not considered here.

2

concern regarding the Court's reaction is accurate, as the result of the prior cases is not favorable to the Debtors' request for extension of the stay.   Case No. 08-61047 was dismissed August 12, 2009, for failure to make payments.   Case No. 09-61583 was voluntarily dismissed on September 18, 2012, after the trustee's second motion to dismiss for failure to make payments.

The Debtors also indicate their new bankruptcy was caused by additional debts incurred since dismissal of the prior case on September 18, 2012, which seems questionable.   The current case was filed on September 26, 2012, only eight days after dismissal of the prior case. A review of the Debtors' schedules does not reflect any unique claims that appear to have arisen in the preceding eight days.   Therefore, the Court has strong doubts regarding this assertion.

The omissions and credibility of the Debtors' testimony in the Affidavit are insufficient to provide clear and convincing evidence to rebut the presumption that the current case was not filed in good faith.   The Debtors will have the opportunity to pursue their chapter 13 case, but they must do it without the benefit of the automatic stay.

**IT IS HEREBY ORDERED**, that the Debtors' Motion To Extend Automatic Stay As To All Creditors is **DENIED**.

**Copies to:**
P. Brian Couch, Esq. (for service on all interested parties)
Beverly M. Burden, Esq.
U.S. Trustee
Debtors

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, October 30, 2012**
(grs)